# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8536 | **DATE** | 7/17/2003 |
| **CASE TITLE** | Cramer vs. Oberthur Card Systems, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/13/03 at 11:00AM.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** Oberthur's motion for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 1 8 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 03 JUL 17 PM 5:30 | date mailed notice | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIAN D. CRAMER )
)
    Plaintiff, ) 02 C 8536
)
v. )
) Judge George M. Marovich
OBERTHUR CARD SYSTEMS AND )
SERVICES, INC. )
)
    Defendant. )

DOCKETED

JUL 1 8 2003

MEMORANDUM OPINION AND ORDER

On August 22, 2002, Plaintiff Brian D. Cramer ("Cramer") filed a Complaint ("Complaint") in the Circuit Court of DuPage County against his former employer, Oberthur Card Systems and Services, Inc. ("Oberthur") for breach of a contract and damages based upon the breach. Oberthur later removed the action to this Court based on diversity jurisdiction. Oberthur now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Motion is denied.

BACKGROUND

Cramer was employed by Oberthur to sell credit card designs, credit card systems and related goods and services, and to receive a commission from these sales. The undisputed facts show that on May 13, 2002, Cramer was terminated by Oberthur. At the time of Cramer's termination, there was an amount of unpaid commissions due to Cramer by Oberthur. To remedy this dispute,

Cramer and Oberthur agreed to a Settlement Agreement ("Agreement") on June 27, 2002. The Agreement stipulated Oberthur would pay Cramer $16,250 for lost wages and $24,220 for unpaid commissions and/or bonuses, totaling $40,472.00, and Cramer would extinguish all of his claims against Oberthur. Cramer faxed a signed copy of the agreement to Oberthur, which Oberthur acknowledged, but disputed the calculations of unpaid commissions and/or bonuses. Oberthur refused to pay $24,220 for unpaid commissions and/or bonuses, and on July 12, 2002 offered Cramer $14,706 instead of $24,220 plus $16,250 for lost wages.

On July 31, 2002, as a result of Oberthur's breach, Cramer demanded Oberthur pay him $122,445.84 for all unpaid commissions and/or bonuses for 2001 and 2002 before August 9, 2002. On the same date, Oberthur tendered a check to Cramer in the amount of $11,676.37, which Cramer negotiated under the condition that he would not be accepting Oberthur's new bonus figures.

After receiving Cramer's demand for $122,445.84, Oberthur asked for an extension of 6 days to verify these figures, which Cramer rejected. Cramer thereby filed a lawsuit in the Circuit Court of DuPage County, which Oberthur removed to the Northern District of Illinois and filed this motion for summary judgment.

## DISCUSSION

I. <u>Summary Judgment Standards</u>

Summary judgment should be granted when "the pleadings,

2

depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Courtney v. Biosound, 42 F.3d 414, 418 (7th Cir. 1994).

II. Breach of Contract

Cramer brings Count I of the complaint alleging breach of contract and Count II alleging commissions owed to him based on that breach. The Seventh Circuit has determined a settlement agreement is merely a contract between two parties where, generally, the defendants promise a partial remedy and in exchange the plaintiffs promise to dismiss the defendants from any future liability. Carr v. Runyan, 89 F.3d 327, 331 (7th Cir. 1996). "As such, the formation, construction, and enforceability of a settlement agreement is governed by local contract law." Laserage Technology Corp. v. Laserage Lab, 972 F.2d 799, 802 (7th Cir. 1992). Therefore, for purposes of this

motion, the agreement between Cramer and Oberthur shall be governed by Illinois contract law.

In Illinois, it is well-established that once a statement of fact has been admitted in the pleadings, it constitutes a judicial admission. Farwell Const. Co. v. Ticktin, 376 N.E.2d 621, 625 (Ill. App. 1978). Cramer and Oberthur both state in their pleadings that there was a settlement agreement between the two parties. Therefore, there was a settlement agreement between Cramer and Oberthur.

Oberthur admits in its Motion for Summary Judgment that it did in fact breach the contract formed between it and Cramer. In Illinois, "[t]he doctrine of conditions, which - sometimes - allows a party to terminate a contract because the other party has failed to keep his part of the bargain, is designed to create a self-help remedy proportionate to the need. 'But it is not in society's interest to permit a party to abuse this protection by using an insignificant breach as a pretext for avoiding his contractual obligations.'" Casio, Inc. v. S.M. & R. Co., 755 F.2d 528, 532 (7th Cir. 1985) (quoting Farnsworth, Contracts § 8.15, at p. 607 (1982)).

In order for Cramer to have been able to breach his performance of the contract, the non-performance by Oberthur must have been material. The determination of whether a breach of contract is material is a complicated question of fact, involving

4

careful consideration of several factors. <u>Wright v. Douglas Furniture Corp.</u>, 240 N.E.2d 259,262 (Ill. App. 1968). Specific factors such as "whether the breach worked to defeat the bargained for objectives of the parties or caused disproportionate prejudice to the non-breaching party, whether custom and usage considers such a breach to be material, and whether the allowance of reciprocal non-performance by the non-breaching party will result in his accrual of an unreasonable or unfair advantage need to be considered." <u>Id.</u>

The agreement between Oberthur and Cramer specified that Oberthur shall pay Cramer $16,250 for lost wages and $24,220 for unpaid commissions and/or bonuses, totaling $40,472.00. After the agreement was signed and faxed to Oberthur, Oberthur then breached its obligation by refusing to pay. Oberthur offered $16,250 for lost wages and $14,706 for commissions and/or bonuses, totaling $30,956 instead of $40,472 - the total in the agreement.

Since Cramer and Oberthur have stipulated there was in fact a contract between the two parties, the only unresolved issue is whether the breach by Oberthur was material enough to allow Cramer to avoid his contractual obligations as a self-help remedy under the "doctrine of conditions". Cramer's motion explains that he was entitled to withhold his performance of the contract because Oberthur agreed to the contract and then withheld 23% of

their performance without any assurance of future performance, thus breaching the contract first. Under Illinois law, these actions by Cramer would be a sound legal response to a material breach of contract by another party. However, the determination of the materiality of a breach of contract is not a determination for the court to make on a summary judgment motion, but rather a decision for a jury to hear and make a conclusion. <u>Wright</u>, at 262.

Next, Oberthur contends that Cramer should have given them notice that they were in breach and an opportunity to cure the breach, which they eventually did cure--almost five months later. In support of this argument Oberthur cites the Seventh Circuit's decision in <u>Stanley Gudyka Sales Co., Inc. v. Lacy Forest Prods</u>, 915 F.2d 273, 277 (7th Cir. 1990). In <u>Stanley</u>, the Court held that although no Illinois case was found to require a non-breaching party to provide notice and an opportunity to cure in similar circumstances, that requirement did comport with general contract theory. <u>Id.</u> However, the Court first looked to the trial court's determination, during trial, of how proportionate the revocation of the contract was by the performing party after the non-performing party breached. <u>Id.</u> Before a determination of whether Cramer should have given Oberthur notice of the breach with an opportunity to cure can be made, there needs to be a factual determination of how material the breach was by Oberthur

and if that breach gave reason for Cramer to withhold his performance and revoke the contract. <u>Wright</u>, at 262.

<u>Conclusion</u>

For the reasons set forth above, Oberthur's motion for summary judgment is denied.

ENTER:

/s/ George M. Marovich
George M. Marovich
United States District Judge

DATED: July 17, 2003